PER CURIAM.
Chicago Title Insurance Company (Chicago Title) appeals an order granting Xandre, Inc.’s (Xandre) motion for change of venue to Palm Beach County. We reverse.
Chicago Title, the plaintiff below, is a Missouri corporation authorized to do business in Florida. Xandre, the defendant below, is a Florida corporation. Xandre, as assignor, executed in Dade County an Assignment of Judgment to Chicago Title. As part of the assignment transaction, Chicago Title and Xandre entered into a warranty agreement for which Chicago paid valuable consideration. In that agreement, Xandre warranted that the judgment debtor had not been released by either Xandre or prior holders of the judgment, and that the judgment was fully enforceable against the judgment debt- or. Upon attempting to collect on the Assignment of Judgment, Chicago Title discovered that the judgment debtor had, in fact, been previously released, contrary to Xan-dre’s warranty.
Chicago Title brought an action in Dade County against Xandre for breach of the assignment contract and warranty. The lower court granted Xandre’s motion for change of venue to Palm Beach County, on grounds that Dade County was a forum non conve-niens due to the location in Palm Beach County of certain witnesses and the subject property sought to be levied upon. Chicago Title asserted that Dade County is the proper venue as the place in which the cause of action arose, predicated upon Xandre’s execution and delivery of the Assignment of Judgment and warranty agreement in that county. Chicago Title appeals the change in venue order.
Section 47.051, Florida Statutes (1993) governs venue in actions against domestic corporations. According to that section, the venue selection belongs to the plaintiff, providing that suit shall be brought only in the county in which the cause of action accrued, where the defendant resides, or where the property in litigation is located. The instant action is for breach of an assignment contract and warranty that the original judgment debtor had not been released from judgment. The suit does not involve an action to real property, even though the property subject to the Assignment of Judgment was located in Palm Beach County. Applying section 47.051, Chicago Title, plaintiff below, appropriately brought the action in Dade County, as that is where the cause of action arose. In light of this statute, Xandre’s forum non conveniens arguments are without merit.
Accordingly, we reverse the trial court’s order granting Xandre’s Motion for Change of Venue and remand with direction that the trial court find proper venue in Dade County.